## PITTON v. INTERNATIONAL RY. CO.

(Supreme Court, Special Term, Erie County. February, 1910.)

STREET RAILROADS (§ 117*)—INJURIES—NEGLIGENCE—JURY QUESTION.

    A street car was standing at the approach of a curve, when plaintiff's wagon approached it on the other street car track, the wagon wheel running in the flange of the rail next to the track on which the street car was; and, when the forward part of the wagon had passed the forward end of the street car, the car started around the curve, and the end of the car swung toward the other track, overhanging the rail on its own track about six feet, and struck the wheel of plaintiff's wagon. It did not appear that plaintiff knew that the car overhung far enough in going around the curve to strike the wagon on the other track. Held, that it was for the jury to say whether plaintiff was negligent.

    [Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 248–250, 255; Dec. Dig. § 117.*]

Appeal from Municipal Court of Buffalo.

Action by Bayward Pitton against the International Railway Company. From an order setting aside a verdict for plaintiff and directing a new trial, he appeals. Reversed, and judgment directed for plaintiff upon verdict.

Cleveland G. Babcock, for appellant.
Roscoe R. Mitchell, for respondent.

BROWN, J. The evidence was ample to justify the jury in finding the following facts: Defendant's street car was standing at the southerly end of West avenue, on the westerly or south-bound track, with its front or south end eight or ten feet north of the north crosswalk of Carolina street. Plaintiff drove his mule and wagon from the southerly side of Carolina street around to the east side of West avenue, the rear left wheel of the wagon running in the flange of the northerly or westerly rail of the north-bound track as it curved into West avenue. As the plaintiff drove northerly into West avenue, in plain view of the

---

motorman in charge of the defendant's car, which remained standing until the rear of the wagon was about on the crosswalk, the car started southerly around the curve. The distance between the easterly rail of the westerly track and the westerly rail of the easterly track is —————— feet around the curve. In going south around, or entering, the curve, the rear end of the car swung around to the east, overhanging to the east of the easterly rail of its track about six feet, and collided with the rear left wheel of plaintiff's wagon, the wheel being in the flange of the west rail of the north-bound track, causing the injuries complained of. The jury rendered a verdict for plaintiff. The trial court set aside the verdict, holding that the plaintiff, having knowledge of the overhang of the rear end of the swinging car when going around the curve, was guilty of negligence as a matter of law in failing to drive far enough to the east to escape colliding with such swinging overhang of the car.

This was error. The plaintiff testified that he had general knowledge of the manner of operating cars on streets; but it did not appear that he knew that the overhang of the rear end of such a car swinging around such a circle would be —————— feet from its easterly rail. The plaintiff had a right to let the jury say whether it was negligent for him to drive past a standing car, using the inside rail of the adjoining track nearest the car for the left rear wheel of his wagon under the circumstances. The jury had a right to find that the defendant's car did not start until after the plaintiff's mule and the forward part of the wagon on which plaintiff was riding had passed the forward end of the car, and that the plaintiff had the right to assume that the car would not start before the rear of plaintiff's wagon had passed the point of danger of a collision with the rear end of the car as it swung around the curve, especially when it must have been plain to be seen that the left rear wheel was running in the flange of the westerly rail of the adjoining track.

To hold as a matter of law that it is negligence on the part of a traveler on a city street to meet and drive past a standing car about to enter a curved track leading into an intersecting street, in plain view of the motorman of the car, using rails of an adjoining track for the rear wheel of traveler's wagon, because the car may be started before the rear of such wagon can get out of way of the swinging end of the car moving around the curve, cannot be sustained.

The order of the Municipal Court, setting aside the verdict and directing a new trial, must be reversed, and judgment directed for the plaintiff upon the verdict as rendered, with costs of this appeal to the plaintiff.